OPINION
Defendant Joseph F. Komorowski appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, convicting and sentencing him for one count of fleeing in violation of R.C. 2921.33.1, after appellant pled no contest. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR IF THE PROSECUTION IS AWARE OF ALL CHARGES THAT AROSE OUT OF ONE INCIDENT AND ALLOWS A DEFENDANT TO BE PROSECUTED IN TWO SEPARATE PROCEEDINGS, IT VIOLATES THE FEDERAL CONSTITUTIONAL PROHIBITIONS AGAINST A MULTIPLICITY OF PROSECUTIONS ARISING FROM ONE INCIDENT.
On December 14, 1997, appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19; driving under suspension in violation of R.C. 4507.02; reckless operation in violation of R.C. 4511.20; failure to use a seatbelt in violation of R.C. 337.27; felony fleeing and eluding in violation of R.C. 2921.33.1; and resisting arrest in violation of R.C. 2921.33. On May 28, 1998, the Tuscarawas County Court found appellant guilty of the DUI and resisting arrest charges after appellant pled no contest. The Tuscarawas County Court dismissed the charges of driving under suspension, seatbelt violation, left of center and reckless operation, for which appellant was originally charged. Appellant urges the principles of double jeopardy prohibit multiple prosecutions arising out of the same criminal conduct. Appellant urges us to adopt what has been called the "same transaction" test. We find Ohio does not utilize the same transaction test, which would bar multiple prosecutions of charges which occur in the same transaction or occurrence. The test this court must apply was first set forth in the case of Blockberger v. United States (1932), 284 U.S. 299. The test requires us to review the facts to determine whether the same act or transaction constitutes more than one violation of distinct statutory provisions, and if so, whether each provision requires proof of a fact which the other does not. Even so, if successive prosecutions requires re-litigation of factual issues resolved in the first prosecution, then the subsequent prosecution is barred. Appellant does not urge the elements of the charge of felony flight are identical to the charges of DUI and resisting arrest of which he was previously convicted, nor does he claim the earlier elements are re-litigated in the second. Appellant only urges double jeopardy prohibits conviction on the subsequent charge because it arose out of the same incident as the other charges. We find the principles of double jeopardy do not bar his subsequent conviction on this criminal charge, because this charge is a violation of a separate distinct statute, and the elements of the first charge have not been re-litigated as essential elements of the subsequent charge. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
FARMER, J., AND HOFFMAN, J., CONCURS SEPARATELY